UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
MARLEN MARTINEZ,                                             :

                                                     :   MEMORANDUM ORDER
                    Plaintiff,                                10 Civ. 5163 (CM) (GWG)
                                                     :
    -v.-
                                                     :
ST. BARNABAS HOSPITAL,
                                                     :
                   Defendant.                             :
---------------------------------------------------------------X

**GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE**

       The Court is in receipt of a letter dated July 7, 2011, from plaintiff seeking a toxicology report dated September 15, 2009 of a patient referred to as "Patient N."[1]  See Letter from Lee Nuwersa, dated July 7, 2011.  Defendant has responded by letter dated July 8, 2011.  See Letter from Kevin R. Brady, dated July 8, 2011 ("Letter").  Accordingly, the matter is ripe for determination.

       As an initial matter, the Court rejects the defendant's conclusory arguments that the patient record is not relevant.  See Letter at 2, 3.  The record plainly bears directly on the reasons given by defendant for the plaintiff's termination and on plaintiff's assertion that those reasons were false.

       Defendant's remaining argument is unclear.  To the extent that it is arguing that New York's physician-patient privilege law overrides the requirements in governing federal regulations regarding the treatment of medical records, that argument is rejected.  See Nat'l Abortion Fed'n v. Ashcroft, 2004 WL 555701, at *2-6 (S.D.N.Y. Mar. 19, 2004).  Defendant's

---

[1]  Contrary to defendant's statement, a previous letter from plaintiff dated June 25, 2011, which contained the name of Patient N, was never made part of the public record in this matter.

citation to Pal v. N.Y. Univ., 2007 WL 1522618 (S.D.N.Y. May 22, 2007) is of no moment inasmuch as Pal found that New York's law of privilege governed only because it was a diversity case. See id. at * 3. Here, there is a federal claim against the defendant.

The governing federal regulations, 45 C.F.R. § 164.512(e)(1)(ii), make clear that the defendant could have provided the toxicology report in response to a discovery request, even without patient consent, as long as a "qualified" protective order was in place. See 45 C.F.R. § 164.512(e)(1)(ii)(B); accord Santaniello ex rel. Quadrini v. Sweet, 2007 WL 214605, at *3 (D. Conn. Jan. 25, 2007) ("if a qualified protective order has been entered, then medical records may be disclosed in response to a formal discovery request"). The regulations define a "qualified protective order" as one that "(A) Prohibits the parties from using or disclosing the protected health information for any purpose other than the litigation or proceeding for which such information was requested; and (B) Requires the return to the covered entity or destruction of the protected health information (including all copies made) at the end of the litigation or proceeding." 45 C.F.R. § 164.512(e)(1)(v). Defendant at no point suggests that the existing confidentiality order does not meet these criteria. And, indeed, it contains provisions meeting both criteria. See Confidentiality Stipulation and Order, filed Apr. 19, 2011 (Docket # 13) ¶¶ 9, 12.

In any event, the regulations explicitly contemplate that records may be released in response to a court order, as is now being sought by plaintiff. See 45 C.F.R. § 164.512(e)(1) ("[a] covered entity may disclose protected health information in the course of any judicial or administrative proceeding: (i)[i]n response to an order of a court or administrative tribunal, provided that the covered entity discloses only the protected health information expressly

authorized by such order . . ."); accord Anderson v. City of New York, 2006 WL 1134117, at *1 (E.D.N.Y. Apr. 28, 2006) (a court "may order disclosure of [medical] records").

Accordingly, defendant is hereby ORDERED to provide to plaintiff the requested record of Patient N and to designate it as confidential pursuant to the existing Confidentiality Stipulation and Order. The Court reiterates that (1) the parties are prohibited from using or disclosing this record for any purpose other than this litigation and (2) the record must be returned to defendant or destroyed at the end of the litigation.

SO ORDERED.

Dated: July 11, 2011
New York, New York

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge

authorized by such order . . ."); accord Anderson v. City of New York, 2006 WL 1134117, at *1 (E.D.N.Y. Apr. 28, 2006) (a court "may order disclosure of [medical] records").

Accordingly, defendant is hereby ORDERED to provide to plaintiff the requested record of Patient N and to designate it as confidential pursuant to the existing Confidentiality Stipulation and Order. The Court reiterates that (1) the parties are prohibited from using or disclosing this record for any purpose other than this litigation and (2) the record must be returned to defendant or destroyed at the end of the litigation.

SO ORDERED.

Dated: July 8, 2011
      New York, New York

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge