```
CAGBMART                              Trial
```

1  UNITED STATES DISTRICT COURT
   SOUTHERN DISTRICT OF NEW YORK
2  ------------------------------x
3  MARLEN MARTINEZ,
4              Plaintiff,
5          v.                           10-CV-5163 (CM)
6  ST. BARNABAS HOSPITAL,
7              Defendant.               Jury Trial
8  ------------------------------x
                                        New York, N.Y.
9                                       October 16, 2012
                                        2:29 p.m.
10 Before:
11
                    HON. COLLEEN McMAHON,
12
                                        District Judge
13
                         APPEARANCES
14
   LAW OFFICES OF LEE NUWESRA
15      Attorneys for Plaintiff
   BY:  LEE S. NUWESRA, ESQ.
16
   EPSTEIN BECKER & GREEN, P.C.
17      Attorneys for Defendant
   BY:  DAVID W. GARLAND, ESQ.
18      JOHN F. FULLERTON, III, ESQ.

1                    (Trial resumed)

2                    (In open court; jury not present)

3                    THE COURT:  Case on trial continues.  The parties are

4    present; the jurors are not present.  There is a note.

5              What time did this come out?

6                    THE DEPUTY CLERK:  1:30-ish.

7                    THE COURT:  Okay.  There's a note that the jurors want

8    portions of Ms. Libiran's testimony, Greene's testimony and

9    Lattery's testimony.

10             Does anyone understand what "Lattery regarding

11   discrimination" means?  Because I don't.

12                   MR. GARLAND:  What we think it means, but of course we

13   can't be sure, is a conversation that she had with the

14   plaintiff about discrimination.

15                   THE COURT:  Okay.

16                   THE DEPUTY CLERK:  And you've identified the--

17                   MR. GARLAND:  We've identified jointly testimony

18   regarding that subject.

19                   MR. NUWESRA:  Regarding the charge nurse, as I recall

20   it, your Honor.  The charge nurse issue.

21                   THE COURT:  Okay.  So where are we in terms of

22   identifying the testimony that the jurors have asked about?

23                   MR. GARLAND:  We've identified, gotten through all of

24   Greene that they've asked about and all of Lattery.  We're now

25   working on Libiran.

1           THE COURT:  Are you satisfied that you have the Greene
2    and Lattery testimony?  Do you jointly agree that this
3    testimony can go back so we can give them something to work
4    with while we're working on Libiran?
5           MR. NUWESRA:  Absolutely, your Honor.
6           MR. GARLAND:  Yes, your Honor.
7           THE COURT:  In that case, can I initial it?
8           THE DEPUTY CLERK:  I think I have been overinclusive
9    here.  I did the redactions, but I have to ask them.
10          THE COURT:  Okay.  My goal is to get something back
11   there.
12          THE DEPUTY CLERK:  Yes, Judge.
13          (Pause)
14          THE COURT:  Would you please take the book back that
15   you were working from?  We screwed up.  I'm sorry, I was out to
16   lunch.  We screwed up.  The procedure should have been that you
17   should have worked from a book, identify pages and lines.
18          THE DEPUTY CLERK:  They did.
19          THE COURT:  And everything else should have been
20   crossed out and that should have been copied.  Not getting a
21   copy of the redacted testimony with no-- so I guess you have to
22   go start over again.
23          (Pause)
24          THE COURT:  Give me a copy of the transcript and tell
25   me what pages and lines we're going to give to the jury that

1  you've agreed on.  If there are any disagreements, tell me what
2  they are so I can rule on it.
3              MR. NUWESRA:  There are no disagreements, your Honor.
4              THE COURT:  That's great.
5              MR. NUWESRA:  Okay.
6              THE COURT:  So, Ms. Lattery, we're going to be getting
7  from page 479, line 8 through line 25, which is the middle of a
8  sentence.  We cannot stop in the middle of a sentence.
9              MR. NUWESRA:  Maybe that's why he had that.
10             THE COURT:  I'd like page 480 of the transcript,
11 please.  I can't give the jury something that stops in the
12 middle of a sentence.
13             MR. NUWESRA:  The word "role," your Honor.  Just the
14 word "role."
15             MR. GARLAND:  Role, R-o-l-e.
16             THE COURT:  Give me page 480, please.
17             MR. NUWESRA:  Which you have.
18             MR. GARLAND:  No, here it comes.
19             THE COURT:  To save some time, do you mind if I write
20 the word "role" right up here?
21             MR. NUWESRA:  No.
22             MR. GARLAND:  That's fine, your Honor.
23             THE COURT:  All right.  Send this back to the jury.
24 This is Court Exhibit 2.  The date is the 17th?
25             THE DEPUTY CLERK:  16th.

1             THE COURT:  16th, 2:25 p.m.  That goes back.  That's
2    Lattery.
3             Next.
4             MR. NUWESRA:  They're working on Greene, your Honor.
5             THE COURT:  And, again, this is Richardson?
6             MR. NUWESRA:  No.  Ms. Greene, your Honor.
7             THE COURT:  Greene.  Okay.  So you all agree with
8    respect to Ms. Greene that we're talking about page 304, line 9
9    through page 305, line 13; and then page 305, line 20 through
10   page 308, line 24.  Line 25 is "Can you please leave it to the
11   jury?" but you crossed out what was read to the jury.
12            MR. NUWESRA:  Hold on, your Honor.
13            MR. GARLAND:  Without seeing what's in front of you,
14   your Honor, we both went through the original transcript
15   together and you went through that --
16            THE COURT:  Page 308, line 25:  "Can you please read
17   it to the jury?"  Page 309, what she read to the jury, has been
18   crossed out.  So there's a question with no answer.  I can't
19   send a question with no answer.
20            MR. GARLAND:  Absolutely.
21            THE COURT:  Either you want the answer in or you want
22   the question out.
23            MR. GARLAND:  May Mr. Nuwesra and I look at it?  Thank
24   you.
25            THE COURT:  I'm only interested in page 308.

1    MR. GARLAND:  Right.  I'm going backwards because I
2    don't think we included 308.  This excerpt starts page 309,
3    line 8.
4            THE COURT:  Could somebody write down the pages and
5    lines?  Because I'm being handed things that aren't crossed
6    out and I assume that they're-- I don't know what I'm being
7    told.
8            MR. GARLAND:  I understand the confusion.
9            MR. NUWESRA:  If I may, your Honor.
10           THE COURT:  Please put on the record what we're
11   sending back.
12           MR. GARLAND:  Now I'm reading Greene.
13           THE COURT:  All right.  From Greene we will copy the
14   following.
15           MR. GARLAND:  Page 304, line 9.
16           THE COURT:  Okay.
17           MR. GARLAND:  Through page 305, line 13.  Then we're
18   redacting some lines and picking up again at line 20.
19           THE COURT:  305, line 20 through?
20           MR. GARLAND:  The end of that page.
21           THE COURT:  305, line 25?
22           MR. GARLAND:  Correct.
23           THE COURT:  Is there anything else in the Greene
24   testimony that goes back?
25           MR. GARLAND:  Yes.  In this volume we start up again

1   at page 309, line 8.
2               THE COURT:  Okay.
3               MR. GARLAND:  Through page 311, line 16.
4               THE COURT:  Got that?  Is that correct?
5               MR. NUWESRA:  That's correct, your Honor.
6               THE COURT:  Anything else in Greene?
7               MR. GARLAND:  Yes.  Then we pick up again at page 312,
8   line 21, and we go through page 314, line 8.
9               THE COURT:  Anything else?
10              MR. GARLAND:  Not from this volume of Greene.  We have
11  another volume of Greene, which I don't know where it is, but I
12  know we have that as well.
13              THE COURT:  Well, is there other testimony from
14  Ms. Greene in that other volume that is going back to the
15  jury?
16              MR. GARLAND:  Yes.  Yes, there is.
17              THE COURT:  Find that now.
18              MR. GARLAND:  We can do that for you and we will do
19  that.  The same volume had Ms. Libiran.
20              Your Honor, whenever you're ready, we'll continue with
21  Greene.
22              THE COURT:  What's next for Greene?
23              MR. GARLAND:  239, line 3 through 240, line 12.
24              THE COURT:  Yes.
25              MR. GARLAND:  241, line 8 through line 19.

1               THE COURT:  Eight through 19.
2               MR. GARLAND:  Then, your Honor, we pick up again at
3    page 253, line 12 through page 254, line 2.  That's it for
4    Greene.
5               THE COURT:  Okay.  Give me that transcript, please.
6               (Pause)
7               THE COURT:  Okay.  Greene is ready to go back.
8               Are we done with Libiran?
9               MR. GARLAND:  We're waiting to get the original
10   transcript back.  Is that on the desk here?
11              THE DEPUTY CLERK:  Which day is that for?
12              MR. GARLAND:  I think it's Wednesday.  Am I right
13   about that?
14              THE DEPUTY CLERK:  Okay.  This is yesterday's.  It
15   must be back there.  So Wednesday the 10th?
16              MR. GARLAND:  Correct.
17              THE COURT:  Okay.  Counsel, can you please initial
18   this?  Then this can go back.  That's Court Exhibit -- whatever
19   the next Court Exhibit is.  Court Exhibit 3?
20              THE DEPUTY CLERK:  Yes.
21              THE COURT:  With the date.  Anything that we can copy,
22   give it to me so we can copy it.
23              MR. NUWESRA:  This should be short, your Honor.
24              THE COURT:  Great.  Okay.  Libiran, is this the part
25   of her testimony about her background?

643
CAGBMART                        Trial

|     |                                                                      |
| --- | -------------------------------------------------------------------- |
|  1  |             MR. GARLAND:  Yes.                                       |
|  2  |             THE COURT:  What is that, please?                        |
|  3  |             MR. GARLAND:  Page 186, line 8 through 187, line 7.      |
|  4  |             THE COURT:  186, 8 through 187, 7.  Please copy those    |
|  5  | pages redacted, photocopy the redacted, and we'll send them          |
|  6  | back.  Court Exhibit 8.                                              |
|  7  |             MR. NUWESRA:  Sorry, your Honor.  It's line 7.           |
|  8  |             THE COURT:  186 line what?                               |
|  9  |             MR. NUWESRA:  Eight through 187, line 8, your Honor,     |
| 10  | not 7.                                                               |
| 11  |             THE COURT:  Eight through 8.                             |
| 12  |             MR. GARLAND:  Whatever it is, it is.                     |
| 13  |             THE COURT:  Okay.  Here's court Exhibit 4.  Please       |
| 14  | initial it and it will go back to the jury.                          |
| 15  |             MR. NUWESRA:  We have the next two pages.                |
| 16  |             THE COURT:  Get this back and then we'll do the          |
| 17  | next.                                                                |
| 18  |             MR. GARLAND:  We have the balance now.                   |
| 19  |             THE COURT:  Excellent.  And the balance consists of     |
| 20  | what?                                                                |
| 21  |             MR. GARLAND:  194, line 24 through 195, line 3.          |
| 22  |             THE COURT:  194, line 24 through 195, line 3.            |
| 23  |             MR. GARLAND:  Right.                                     |
| 24  |             MR. NUWESRA:  And 226, 22 through 227, line 2, your      |
| 25  | Honor.                                                               |

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

1            THE COURT:  226, 22 through 227, line 2.  And that's
2    it for Libiran?
3            MR. GARLAND:  Correct.
4            MR. NUWESRA:  Yes.
5            THE COURT:  Get those pages copied.  We'll send them
6    back as Exhibit 5.
7            MR. GARLAND:  We have one issue, your Honor, on 194 --
8            THE COURT:  You don't have agreement.
9            MR. GARLAND:  I'll pass it up to your Honor.  I just
10   wanted to delete the first two words which are not part of the
11   question.
12           THE COURT:  Excuse me.  Give me what you want.  Please
13   hand it to me.  Hand me the page and then tell me on the record
14   what your dispute is.  I'm looking at 194, line 24.  It says
15   "Night shift.  Speaking of shifts..."  You want me to redact
16   "night shift"?  I won't do that.
17           MR. GARLAND:  That was what I was asking for.  Yes,
18   thank you.
19           THE COURT:  All right.
20           MR. GARLAND:  And then one last point, your Honor.
21   That is, the jury's third note on this Libiran asked, "When was
22   she promoted to her current position?"  And there's no
23   testimony in the record that she was ever promoted.
24           THE COURT:  There is no testimony in the record.
25   Okay.  So I need to bring the jurors out, please, while this

1  last thing is being copied.  Ask them to cease deliberations
2  and come out.
3              (Continued on next page)

1               (In open court; jury present)

2               THE COURT:  Hello, everybody.  Have a seat for a

3    minute.  I want to tell you that the rest of Ms. Liberoo's

4    testimony, the answers to your other questions about her

5    testimony, is coming back, except one of your questions asked

6    about something that the parties agreed is not in the record.

7    There is no evidence in the record about any promotion of

8    Ms. Liberoo.

9               MR. NUWESRA:  Libiran, your Honor.

10              THE COURT:  I'm sorry, Ms. Libiran.  The parties

11   agreed there isn't anything in the record about that.  Okay?

12   So I wanted to tell you that.  Thank you very much.

13              (Jury excused)

14              THE COURT:  Okay.  I'm going to stay around because

15   there may be a note.

16              Okay.  Here's Court Exhibit 5 to go back.

17              (Recess pending verdict)

18              (Continued on next page)

1                (In open court; jury not present)

2                THE COURT: Case on trial continues. Parties are

3    present; jurors are not present.

4                I have a note. This is now Court Exhibit 6. They, of

5    course, didn't put a page number from the charge.

6                THE DEPUTY CLERK: Page 19.

7                THE COURT: It's on page 19? All right.

8                There's no special definition of inference. There's

9    no special definition of in whole or in part. What am I

10   supposed to do? It means what it says. Inference is a

11   conclusion that you draw based on evidence and your common

12   sense. That's all it is. And in whole or in part means it was

13   either the entire reason or it was some part of the reason.

14               MR. GARLAND: A motivating part.

15               THE COURT: A motivating part.

16               All right. Bring them out.

17               (Continued on next page)

1          (In open court; jury present)

2          THE COURT:  Hi.  Have a seat.  Okay.  I have your

3   note, it's Court Exhibit 6, indicating that you want me to

4   clarify the first paragraph of charge number 4, circumstances

5   giving rise to an inference of discrimination.  You want to

6   know if inference or in whole or in part have some special

7   meaning there.  The answer is, no, they don't.

8          Let me see if I can paraphrase the first paragraph.

9   Ms. Martinez has to prove that one or more adverse employment

10  actions about which she complains, that the evidence

11  indicates-- inferences are conclusions that you draw from

12  evidence.  That's all they are.  There's no special meaning of

13  inference here.  An inference is you take facts that you have,

14  you think about them, and you think, do they lead me to a

15  conclusion?  Can I infer?

16         Remember when we talked about the umbrella at the

17  beginning of the trial?  It started to rain outside.  We

18  couldn't see, we couldn't hear.  Somebody came in the

19  courtroom.  He was wet, he was wearing a raincoat, and he was

20  carrying an umbrella.  You can infer from the evidence that you

21  had, which was the sight of this man, you could draw the

22  conclusion, you could infer, that it started to rain outside.

23  That's what an inference is.  It's a conclusion that you

24  reach on the basis of evidence.  All right?  That's all

25  inference is.

So the technical, legal language that some judge or lawmaker came up with was that the adverse employment actions had to have occurred under conditions giving rise to an inference that they were motivated, in whole or in part, by her national origin or ethnicity. What does that mean? Does the evidence compel you to the conclusion that it's more likely than not -- because she has to prove it by a preponderance of the evidence -- that she suffered a particular employment action because she was Honduran as opposed to Filipino? And in whole or in part means it's either the entire reason or it's part of the reason, but it can't be none of the reason.

And as I told you, the mere fact that Ms. Martinez is of Honduran national origin/ethnicity, she's not a Filipino, and something bad happened to her, those two things standing alone aren't enough. The bad thing had to have happened to her because she was not a Filipino, but of Honduran ancestry. Okay? It has to be at least part of the reason why. It doesn't have to be the whole reason. It has to be at least part of the reason.

More than that, I sort of cannot tell you. I mean, that's really-- inference means a conclusion you draw from evidence. In whole or in part means it was a motivating-- the one and only motivating factor or it was one of several motivating factors.

Okay. Thank you.

1		(Jury excused)
2		THE COURT:  Okay.
3		(Recess pending verdict)
4		(Continued on next page)

1      (In open court; jury not present)

2      THE COURT: Okay. Case on trial continues. The

3 parties are present; the jurors are not present.

4      Court Exhibit 7 is another note. The jury indicates

5 it's unable to reach a unanimous decision. We are all-- before

6 the court reporter arrived, we had a chat. We are all agreed

7 that it's too soon to call it quits. But because in 15 minutes

8 I would have to let them go anyway today, I'm going to send

9 them home now and have them come back tomorrow.

10     Counsel, I will be picking a jury tomorrow. It's a

11 small criminal case, but I'll have a bunch of jurors in here

12 and I'll have counsel at the front table. So I'd ask you to

13 clear things off. We'll find space for you. Why shouldn't you

14 watch me pick two juries in two weeks? You've already seen me

15 do it once; might as well see me do it again. I hate when

16 these things happen.

17     Let's bring the jury in. Obviously your jury gets

18 priority.

19     (Continued on next page)

1              (In open court; jury present)

2              THE COURT:  Have a seat.  I have your note which

3     indicates that you're having difficulty reaching a unanimous

4     decision.  I appreciate the difficulty and the complexity of

5     this; the fact that it was a fast trial, it never occurred to

6     me that you would reach a quick verdict.

7              So let me tell you what we're going to do.  It's way

8     too soon for me to conclude that you're not capable of reaching

9     a verdict.  I know it's hard, I really do, but I'm going to ask

10    you to continue to deliberate, but not today.  I'll confess

11    why.  This is my doing.  My daughter is getting married in

12    three weeks.  Her wedding dress fitting is in 55 minutes.  I

13    was going to let you go at 4:00 anyway.  I'm going to let you

14    go now.

15             Take a deep breath, have a relaxed evening, come back,

16    and then tomorrow have at it again.  You'll have some rest and

17    distance.  You'll be able to think of the right way to put it

18    so as to persuade your fellow jurors or put yourself in the

19    frame of mind so that you can see things from the other jurors'

20    perspective.

21             The other thing that will be going on here tomorrow is

22    I'll be picking a jury in another case.  You've been through

23    that.  You know what I'll be doing out here.  You are my first

24    priority.  So if at any time you want to talk to me, if at any

25    time you want additional assistance from the record, if at any

1  time you want anything at all, you send me a note and I'll stop
2  what I'm doing and I'll pay attention to you.  Because until
3  you're done, you are my first priority.
4      I apologize about the inconvenience of this shortened
5  day.  I have one daughter, so it's a once-in-a-lifetime thing
6  and I ask you to indulge me, please.  I really want to be
7  there.  I don't know if anybody watches, "Say Yes to the
8  Dress."  I would not buy this dress at Kleinfeld's, but I feel
9  it's that moment in my life.
10     Okay.  Safe home, everyone.  I'll see you tomorrow.
11     (Jury excused)
12     THE COURT:  Okay.  Thanks, folks.  I'll see you--
13 don't be here at 9:30 in the morning.  Have a leisurely
14 morning.  If you get here by 10:30, we'll be okay.
15     MR. GARLAND:  Thank you, your Honor.
16     (Continued to October 17, 2012 at 9:30 a.m.)